Kathy DINE, Plaintiff–Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY; Boeing Extended Disability Benefits Plan; Boeing Medical Plan; Boeing Life Insurance Plan; Boeing Pension/Retirement Plan, Defendants–Appellees.

No. 06–55994.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed March 3, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eric R. McDonough, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, Lisa S. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, for Plaintiff–Appellant.

Eric R. McDonough, Esq., Yuliya I. Laroe, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Kathy Dine appeals the district court's order granting Metropolitan Life Insurance Company ("MetLife") summary judgment as to claims arising from its denial of benefits to Dine under a long term disability plan governed by the Employee Retirement Income Security Act ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court with regard to Dine's claims raised under California law, although on different grounds, and remand to the district court for reconsideration under *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) (en banc). Because the parties are aware of the facts in this case, we recount them only as necessary.

The district court properly held that the California Department of Insurance's No-

tice of Withdrawal of Approval and Order for Information dated February 27, 2004 (the "CDI Notice") does not compel *de novo* review of MetLife's decision. Dine argues that the CDI Notice retroactively renders unenforceable the clause in the plan that grants MetLife discretion over benefits decisions. This court recently rejected the same argument in *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 511 F.3d 1206 (9th Cir.2008), where it held that "[e]ven if federal law permitted states to nullify an ERISA plan's grant of discretionary authority, California law doesn't authorize the Commissioner to do so retroactively." *Id.* at 1211 (citing Cal. Ins.Code § 10291.5(f)).

The district court was correct to apply an abuse of discretion standard in reviewing MetLife's decision to deny benefits because the plan unambiguously provides MetLife with absolute discretion in making benefits decisions. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). However, when conducting its review for abuse of discretion, the district court analyzed MetLife's "structural" conflict of interest (as both the funding source and the administrator of the disability plan) using a two-part burden-shifting methodology. After the district court's decision, this court disapproved the burden-shifting methodology in *Abatie*, 458 F.3d at 967. The district court also did not discuss what weight it gave to Dine's claims that MetLife violated ERISA's procedural requirements, which is now required under *Abatie*. *Id.* at 972. Further, the district court was deprived of the recognition in *Abatie* that the district court may, in its discretion, weigh facts and circumstances outside the administrative record when evaluating what effect the plan administrator's conflict of interest

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had on its decision-making process. *Id.* at 970. Because *Abatie* so significantly alters the abuse of discretion analysis, and allows the district court to consider facts beyond the administrative record, we hold that the district court should apply *Abatie* in the first instance. We therefore vacate the judgment and remand to the district court for reconsideration in light of *Abatie* and, if appropriate, for the receipt of additional evidence.

In remanding this matter to the district court for further consideration in light of *Abatie,* we alert the district court to the United States Supreme Court's grant of certiorari in *Glenn v. MetLife,* 461 F.3d 660 (6th Cir.2006), *cert. granted in MetLife v. Glenn,* —— U.S. ——, 128 S.Ct. 1117, 169 L.Ed.2d 845 (2008), which involves review of a discretionary denial of benefits by a plan administrator laboring under a structural conflict of interest. The Court granted certiorari on the following specific question, which might affect the district court's analysis on remand: "If an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination?" The district court may wish to stay its review of Dine's claims until the Court has issued its decision in *Glenn,* which is scheduled for argument on April 23, 2008.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

Each party shall bear its own costs.

---

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.